## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**CARDEIUS A. WEADEN,**
      **Petitioner,**

**v.**                                **Case No.  3:09cv150/LC/MD**

**WALTER A. MCNEIL,**
      **Respondent.**

_____

## REPORT AND RECOMMENDATION

      **Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss the petition as time-barred, providing relevant portions of the state court record.  (Doc. 24).  Petitioner has not responded, although given the opportunity to do so.  (Doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.**

## BACKGROUND AND PROCEDURAL HISTORY

      **On June 7, 2007, the Circuit Court of Escambia County, Florida adjudicated petitioner guilty of Principal to Robbery with a Firearm in Case Number 06-4829,**

pursuant to petitioner's counseled guilty plea. (Doc. 24, Ex. F).[1] Petitioner was sentenced on July 25, 2007 to twenty years imprisonment as an habitual felony offender. (Ex. G). Judgment was rendered on that date. (Ex. A; Ex. H, Order Denying Mot. for Postconviction Relief, Attach. 2). Petitioner did not appeal from the judgment. (Doc. 1, p. 2; Doc. 24, Ex. A).

On February 6, 2008, petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. H). The motion was denied on June 19, 2008. (*Id.*). Petitioner's appeal to the Florida First District Court of Appeal was dismissed on September 10, 2008. (Exs. I, K).

Petitioner initiated this federal habeas proceeding on March 31, 2009. (Doc. 1, p. 8).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] Hereafter, all references to exhibits will be to those provided at Doc. 24, unless otherwise noted.

**recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

§ 2244(d)(1).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a State-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Because petitioner did not appeal his judgment of conviction, it became final for purposes of § 2244(d)(1) on August 24, 2007, which is thirty days after rendition of the July 25, 2007 judgment and sentence.  *See*  FLA. R. APP. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* FLA. R. APP. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that where petitioner did not seek direct review of his judgment of conviction or sentence, his judgment of conviction (entered upon his guilty plea) became "final" for purposes of § 2244 on the date his 30-day right to appeal expired); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of

conviction and sentence become final when the 30-day period for filing a direct appeal expires).

The limitations period began to run, and ran for 165 days until petitioner filed his motion for postconviction relief on February 6, 2008.  That motion was pending (and tolled the limitations period) from February 6, 2008 (the date is was filed) until September 10, 2008 (the date petitioner's appeal of the order denying relief was dismissed).  The limitations period began to run again on September 11, 2008, and expired 200 days later on March 30, 2009.[2]  Petitioner's federal habeas petition was filed one day too late, on March 31, 2009.

The instant petition in therefore untimely.  Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.  Therefore, the petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases.  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation

---

[2]Technically, the limitations period was due to expire on March 29, 2009, but that was a Sunday.

omitted).   Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party  may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That respondent's motion to dismiss (doc. 24) be GRANTED, and the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Cardeius Arvel Weaden*, entered in the Circuit Court of Escambia County, Florida, case number 06-4829, be DISMISSED WITH PREJUDICE.

2.   That the clerk be directed to close the file.

3.   That a certificate of appealability be DENIED.

At Pensacola, Florida this 8th day of November, 2010.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).